UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAZREEN MOHAMMED,

    Petitioner,

-vs-

                                Case No.  6:11-cv-1427-Orl-28DAB
                    (Criminal Case No.:  6:10-cr-276-Orl-28DAB)

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Nazreen Mohammed (Doc. No. 1). The Government filed a response (Doc. No. 8) to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts.* Mohammed filed a reply (Doc. No. 9), supplemental reply (Doc. No. 10), second supplemental reply (Doc. No. 12), third supplemental reply (Doc. No. 16), and fourth supplemental reply (Doc. No. 17) to the response.

Mohammed alleges sixteen claims for relief in her motion:  (1) she cooperated with the judiciary and facilitated the administration of justice; (2) her "crime constituted aberrant behavior"; (3) her crime was committed because her "financial resources were completely depleted due to medical cost[s]"; (4) the Government refuses to file a "5K1.1

motion"; (5) it is unlikely that she will "be a recidivist"; (6) she wishes "to make restitution as well as continue to do good deeds by performing community service and volunteering, [and] keeping her incarcerated is counter productive"; (7) the Government has breached the plea agreement by failing to file a "5K1.1 motion"; (8) she has suffered a "tragic personal history"; (9) she has an "outstanding character"; (10) she has shown "extreme remorse"; (11) she has an excellent employment history; (12) she was suffering from an "extraordinary mental and emotional condition"; (13) she has always shown compassion to the less fortunate; (14) her incarceration has an "extraordinary effect on innocent family members"; (15) she cooperated with the Government, but the Government failed to file a "5K1.1 motion"; and (16) counsel was ineffective by advising her that she would receive a sentence of "home confinement and probation," by failing "to contest the Government's breach of plea," and by failing to inform her that the Government could appeal a downward departure.

I.    *Procedural History*

Mohammed was charged in a five-count indictment with the commission of various crimes (Criminal Case No. 6:10-cr-276-Orl-28DAB, Doc. No. 1).[1] Mohammed subsequently entered into a plea agreement in which, among other matters, she agreed to enter a plea of guilty to counts one (bank fraud), three (bank fraud), and five (aggravated identity theft) (Criminal Case Doc. No. 15). Mohammed entered her plea of guilty before Magistrate Judge David A. Baker, who filed a Report and

---

[1]Criminal Case No.6:10-cr-276-Orl-28DAB will be referred to as "Criminal Case."

Recommendation Concerning Plea of Guilty recommending that the plea agreement and the plea of guilty be accepted and that Mohammed be adjudicated guilty and have sentence imposed accordingly (Criminal Case Doc. No. 20). The Court then entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which the Report and Recommendation was accepted, affirmed and adopted; Mohammed was adjudicated guilty of counts one, three, and five of the indictment; and the plea agreement was accepted (Criminal Case Doc. No. 22). The Court later entered a Judgment In A Criminal Case in which Mohammed was sentenced to imprisonment for a total term of sixty months (Criminal Case Doc. No. 34). Counts two and four were dismissed. Mohammed did not file a direct appeal.

## II.    *Analysis*

### A.    *Claims One, Two, Three, Five, Six, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen*

"Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990) ("In a section 2255 federal habeas motion, a movant may not raise claims that were not presented on direct appeal unless he can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors."). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he

3

can establish cause for the default and actual prejudice resulting from the alleged error."

*Mills*, 36 F.3d at 1055.   Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default. *Mills*, 36 F.3d at 1055.

In the present case, Mohammed did not raise these claims on direct appeal, and she has not demonstrated cause or prejudice with regard to her failure to raise these claims on direct appeal.   Likewise, Mohammed has not shown the applicability of the fundamental miscarriage of justice exception.  The entire record has been reviewed, and the Court concludes that Mohammed is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, Mohammed's failure to raise these claims on direct appeal constitutes a waiver and bars her from raising these claims in the instant proceeding.

Further, these claims offer excuses as to why she committed the crimes or why she should no longer be incarcerated.  As a general rule, "relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Hardy v. United States*, 878 F.2d 94, 97 (2d Cir. 1989) (quotation omitted) (citation omitted).  Because Mohammed does not challenge the validity of her original sentence, but instead only wants the Court to change it, section 2255 is not applicable. As such, these claims do not provide a basis on which the Court could find

4

her current sentence to be unlawful so as to vacate or correct it under section 2255. *See*

*Valencia v. United States*, 11 CIV. 1221 RPP, 2012 WL 701227 (S.D.N.Y. March 6, 2012)

(the defendant's claim of hardship on his family constitutes a plea of leniency, which is

not cognizable under 28 U.S.C. § 2255); *United States v. Jean-Baptiste*, CRIM A 06-40005-

FDS, 2007 WL 4459082 (D. Mass. December 14, 2007) (finding that the defendant's claim

in her section 2255 motion that her family circumstances warranted relief was without

merit because those circumstances, while unfortunate, did not not rise to the level of a

fundamental defect).[2]

Consequently, claims one, two, three, five, six, eight, nine, ten, eleven, twelve,

thirteen, and fourteen are denied.

**B.     *Claims Four, Seven, and Fifteen***

These claims deal with Mohammed's contention that the Government breached

the terms of her plea agreement by failing to file a 5K1.1 motion.[3]  As discussed below,

these claims are without merit.

---

[2]In other words, even if the Court were inclined to change Mohammed's sentence based on her personal circumstances, it would not have authority under section 2255 to do so.

[3]Federal Rule of Criminal Procedure Rule 35(b) allows the government to move for a reduction in sentence based on substantial assistance to the government after sentencing, and U.S.S.G. § 5K1.1 provides for a similar motion based on substantial assistance before sentencing.

The plea agreement provided only that the Government would "consider" whether Mohammed's aid qualified for substantial assistance and that this determination was "solely" that of the Government. *See* Criminal Case Doc. No. 15 at 5. Thus, the Government had the power, not a duty, to file a such a motion. "Where, as here, a plea agreement states that the government will 'consider' whether to the defendant's cooperation qualifies as substantial assistance and that this determination is in the government's sole discretion, the government does not breach the agreement by failing to file a substantial assistance motion." *United States v. Bell*, 465 F. App'x 892, 894 (11th Cir. 2012).

Under such circumstances, the Court is precluded from intruding into prosecutorial discretion, unless "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion." *See United States v. Fourney*, 9 F.3d 1492, 1502-03 (11th Cir. 1993). Here, Mohammed who claims only that she provided substantial assistance and makes only generalized allegations of an improper motive. Mohammed has not alleged any unconstitutional motive in this case, and she is not entitled to a remedy. As a result, these claims are denied.

C.   *Claim Sixteen*

Mohammed argues that counsel was ineffective (1) by advising her that she would receive a sentence of "home confinement and probation," (2) by failing "to

6

contest the Government's breach of plea," and (3) by failing to inform her that the Government could appeal a downward departure.

In *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id.* at 687.[4] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.

1.     *Issue One*

Mohammed asserts that counsel advised her that she would receive a sentence of "home confinement and probation." However, Mohammed acknowledged in the plea agreement that each of counts one and three carried a maximum sentence of not more than thirty years' imprisonment and that count five carried a consecutive mandatory

---

[4]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Mohammed must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

minimum term of imprisonment of two years. *See* Criminal Case Doc. No. 15 at 2. Further, at the plea hearing, the Court informed Mohammed that counts one and three each carried "a sentence of up to 30 years in prison" and that count five carried a "mandatory term of two years to be served consecutively after any sentence that's imposed under the other two counts." *See* Doc. No. 38 at 16. Mohammed stated that she understood. *Id.* at 17.

The Court finds that Mohammed was not misled or misinformed as to the sentence she would receive or as to the law, and every effort was made to help Mohammed understand her rights and options. As a result, this is issue is without merit.

2.    *Issue Two*

Mohammed argues that counsel failed "to contest the Government's breach of plea." However, the Court previously found that Mohammed failed to demonstrate that the Government breached the plea agreement. As such, Mohammed has not shown that counsel acted deficiently with regard to this issue. Consequently, this issue is denied.

3.    *Issue Three*

Mohammed argues that counsel by failed to inform her that the Government could appeal a downward departure. This issue is without merit. There was no direct appeal in this case, and there was no issue concerning a downward departure. Further, it is unclear how this prejudiced Mohammed. It is even less clear why Mohammed

would have wanted counsel to seek a longer sentence for her in order to avoid a government appeal.  Therefore, there has been no showing of ineffective assistance of counsel with regard to this matter, and this issue is denied.

The Court notes that Mohammed vaguely asserts additional instances of ineffective of assistance in her various replies to the Government's response, including that counsel failed to adequately investigate her case.  However, these additional instances of ineffective assistance are vague, conclusory, and speculative, and they are insufficient to state a claim of ineffective assistance of counsel.  There is no indication that the sentence was erroneous or that the plea was not knowingly and voluntarily made.  Mohammed simply fails to substantiate her vague and conclusory allegations about her counsel with anything that would persuade the Court that her guilty plea was the product of her counsel's failures.  In light of the record, Mohammed's vague, conclusory, and speculative allegations, which are not supported by the record, do not show that her counsel was ineffective.

Further, even if her allegations stated a claim of ineffective assistance, Mohammed cannot demonstrate prejudice.  Petitioner has not shown that she would have gone to trial but for her attorney's allegedly deficient performance, and there is little likelihood that she would have prevailed at trial given the strength of the evidence against her. As to her sentence, Mohammed has not shown that counsel could have obtained a better result given the circumstances of her case.  Therefore, even if counsel's

performance had been deficient, Mohammed has not demonstrated prejudice. As a result, the Court finds that these additional issues are without merit.

Any of Mohammed's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Nazreen Mohammed (Doc. No. 1) is **DENIED**.

2.      This case is **DISMISSED** with prejudice.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A copy of this Order and the judgment shall also be filed in criminal case number 6:10-cr-276-Orl-28DAB.

4.      The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 37) filed in criminal case number 6:10-cr-276-Orl-28DAB.

5.      This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Mohammed has failed to make a substantial showing of the denial of a constitutional right.[5]  Accordingly, a Certificate of Appealability is **DENIED** in this

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a

case.

DONE AND ORDERED in Orlando, Florida, this ___18___ day of April, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 4/18
Nazreen Mohammed
Counsel of Record

certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.